USDC IN/ND case 1:21-cv-00298-HAB-SLC   document 3   filed 07/22/21   page 1 of 5

**57C01-2107-CT-000020**

USDC IN/ND case 1:21-cv-00298-HAB-SLC   document 1-4   filed 08/05/21   page 1 of 5

Noble Circuit Court

**Filed: 7/22/2021 10:31 AM
Clerk
Noble County, Indiana**

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE NOBLE COUNTY COURTS |
| | )SS: | |
| COUNTY OF NOBLE | ) | |

MICHAEL THOMPSON            )
    Plaintiff(s),            )
                                                                              )
VS.            )
                                                                              )
TIMOTHY NIGHTINGALE and            )
CLASSIC TRANSPORT OF OHIO            )
    Defendant(s).            )

## COMPLAINT FOR PERSONAL INJURIES AND REQUEST FOR JURY TRIAL

## COUNT 1

    Comes now the Plaintiff, MICHAEL THOMPSON, by counsel, for cause of action against Defendants, TIMOTHY NIGHTINGALE and CLASSIC TRANSPORT OF OHIO, alleges and says:

    1.    That on September 24, 2019, the Plaintiff MICHAEL THOMPSON, was a resident of the City of Norristown, Montgomery County, State of Pennsylvania.

    2.    That on September 24, 2019, the Defendant, TIMOTHY NIGHTINGALE, was a resident of the City of Apple Creek, Wayne County, State of Ohio.

    3.    That on September 24, 2019 the Defendant CLASSIC TRANSPORT OF OHIO, was an Ohio Company engaged in the business of interstate and intrastate hauling and trucking, with its principal place of business in Apple Creek, Ohio.

    4.    That at all times relevant herein, Defendant, TIMOTHY NIGHTINGALE owed Plaintiff MICHAEL THOMPSON a duty to exercise reasonable care to avoid injuring him through his negligent acts.

    5.    That on September 24, 2019, Defendant TIMOTHY NIGHTINGALE, was operating a motor vehicle/semi-truck with trailer traveling on US33 in Noble County, Indiana.

    6.    That on September 24, 2019, Plaintiff, MICHAEL THOMPSON was operating his vehicle on US33 in Noble County Indiana when Defendant Timothy Nightingale struck the vehicle driven by Michael Thompson.

7.     At all times relevant herein, the semi-tractor and trailer being operated by TIMOTHY NIGHTINGALE was a commercial motor vehicle subject to the provisions of the Federal Motor Carrier Safety Regulations as incorporated by reference in Indiana Code §8-2.1-24-18.

8.     At all times relevant herein, as the driver and operator of the semi-tractor and trailer, TIMOTHY NIGHTINGALE was subject to the provisions of the Federal Motor Carrier Safety Regulations as incorporated by reference in Indiana Code §8-2.1-24-18.

9.     That as such time and place, Defendant, TIMOTHY NIGHTINGALE, breached the duty of care owed to Plaintiff, MICHAEL THOMPSON, defendant committed acts of negligence in the operation of his vehicle, which included but is not limited to the following:

    a. Failed to yield;
    b. Disregarded traffic signal/device;
    c. Operated his vehicle at a unsafe speed;
    d. Failed to keep a proper lookout;
    e. Failed to timely apply his brakes;
    f. Failed to keep his vehicle under control;
    g. Operated the vehicle in a reckless manner; and
    h. Failed to stop the vehicle when he could see that danger to the Plaintiff was imminent.

As a result of the aforesaid negligent acts, caused a collision involving bodily injury to Plaintiff.

10.     That as a direct and proximate result of the Defendant's negligence, Plaintiff, MICHAEL THOMPSON:

    a. Has suffered severe and permanent injuries and physical impairments;
    b. Has endured and continues to endure great pain and suffering, emotional distress and mental anguish;
    c. Has incurred medically related expenses;
    d. Has incurred loss of income and future earning capacity; and
    e. Continues to incur medically related expenses

WHEREFORE, Plaintiff, MICHAEL THOMPSON, prays for judgment against the Defendant, TIMOTHY NIGHTINGALE, in the following particulars: for the injuries sustained by MICHAEL THOMPSON, including but not limited to: past and future medical and hospital

expenses, severe and permanent injuries and physical impairments, pain and suffering, emotional distress, mental anguish, and loss of income and future earning capacity, all in such amounts as would reasonably compensate him for these losses; the cost of this action; and for all other just and proper relief in the premises.

## **COUNT II**

Comes now the Plaintiff, MICHAEL THOMPSON, by counsel, and for his claim for relief against the defendants, TIMOTHY NIGHTINGALE and CLASSIC TRANSPORT OF OHIO he alleges and states as follows:

11. That as paragraph 11 of Count II, the Plaintiff, MICHAEL THOMPSON, incorporates rhetorical paragraphs 1 through 10 as though specifically set forth herein.

12. That at all times relevant herein, Defendants owed MICHAEL THOMPSON a duty to exercise reasonable care to avoid injuring him through their negligent acts.

13. That on September 24, 2019, TIMOTHY NIGHTINGALE was operating a semi-tractor trailer owned or operated or maintained or controlled by Defendant, CLASSIC TRANSPORT OF OHIO, in the course of his employment with and/or agency for the Defendant, CLASSIC TRANSPORT OF OHIO.

14. At all times relevant herein, the semi-tractor and trailer being operated by TIMOTHY NIGHTINGALE and owned, maintained and controlled by CLASSIC TRANSPORT OF OHIO was a commercial motor vehicle subject to the provisions of the Federal Motor Carrier Safety Regulations as incorporated by reference in Indiana Code §8-2.1-24-18.

15. At all times relevant herein, as the driver and operator of the semi-tractor and trailer, TIMOTHY NIGHTINGALE was subject to the provisions of the Federal Motor Carrier Safety Regulations as incorporated by reference in Indiana Code §8-2.1-24-18.

16. At all times relevant herein, as the owner, controller and maintainer of the semi-tractor and trailer, by CLASSIC TRANSPORT OF OHIO was subject to the provisions of the

3

Federal Motor Carrier Safety Regulations as incorporated by reference in Indiana Code §8-2.1-24-18.

17. That as such time and place, Defendant, CLASSIC TRANSPORT OF OHIO, by and through their employee and/or agent, TIMOTHY NIGHTINGALE, breached the duty of care owed to Plaintiff, MICHAEL THOMPSON, defendant committed acts of negligence in the operation of his vehicle, which included but is not limited to the following:

    a. Failed to yield;
    b. Disregarded traffic signal/device;
    c. Operated his vehicle at a unsafe speed;
    d. Failed to keep a proper lookout;
    e. Failed to timely apply his brakes;
    f. Failed to keep his vehicle under control;
    g. Operated the vehicle in a reckless manner; and
    h. Failed to stop the vehicle when he could see that danger to the Plaintiff was imminent.

and as a result of the aforesaid negligent acts, caused a collision involving bodily injury to Plaintiff, MICHAEL THOMPSON.

18. That at the time of the accident as alleged in Count 1, Defendant, TIMOTHY NIGHTINGALE, was an owner, employee of and/or agent for Defendant, CLASSIC TRANSPORT OF OHIO, and was acting within the scope of their employment and agency at the time when the accident alleged in Counts I and II occurred.

19. The Defendant, CLASSIC TRANSPORT OF OHIO, is liable for the negligence of its owner, employee and/or agent, Defendant, TIMOTHY NIGHTINGALE, as a matter of law.

20. As a direct and proximate result of the Defendant, CLASSIC TRANSPORT OF OHIO negligence to Plaintiff, MICHAEL THOMPSON:

    a. Has suffered severe and permanent injuries and physical impairments;
    b. Has endured and continues to endure great pain and suffering, emotional distress and mental anguish;
    c. Has incurred medically related expenses;
    d. Has incurred loss of income and future earning capacity; and
    e. Continues to incur medically related expenses.

WHEREFORE, Plaintiff prays for judgment of damages against the Defendant, CLASSIC TRANSPORT OF OHIO, in the following particulars: for the injuries sustained by, Plaintiff, MICHAEL THOMPSON including past and future medical and hospital expenses, severe and permanent injuries and physical impairments, pain and suffering, emotional distress, mental anguish, and loss of income and future earning capacity, all in such amounts as would reasonably compensate him for those losses; the cost of this action; and for all other just and proper relief in the premises.

Respectfully Submitted,

*/s/ Phillip A. Truitt*
Phillip A. Truitt, Attorney No. 35605-35
Daniel E. Brophy, Attorney No. 14471-02
Richard T. Truitt, Attorney No. 893-35
TRUITT LAW OFFICES
2855 Northpark Avenue, Suite 107
Huntington, Indiana 46750
Telephone: (260) 356-5066
Fax: (260) 356-7313
Email: d.brophy@truittlawoffices.com
           r.truitt@truittlawoffices.com
           p.truitt@truittlawoffices.com